[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15093
Non-Argument Calendar
_____

D. C. Docket No. 07-00520-CR-LSC-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE THOMAS, JR.,
a.k.a. Andre Burgin,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 6, 2009)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Andre Thomas, Jr. appeals his 120-month sentence imposed after he pled

guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Thomas' advisory Sentencing Guidelines ("Guidelines") range was 51 to 63 months' imprisonment, and the statutory maximum was 120 months' imprisonment. On appeal, Thomas argues that the district court's sentence of 120 months is unreasonable.

We review the final sentence imposed by the district court for reasonableness. United States v. Agbai, 497 F.3d 1226, 1229 (11th Cir. 2007). The reasonableness standard means review of sentences for abuse of discretion. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007).

The district court must impose a sentence that is both procedurally and substantively reasonable. Id. The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline imprisonment range, treats the Guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. Id. Once we conclude that the district court made no procedural errors, we then consider the substantive reasonableness of the sentence imposed. Id. The Supreme Court has suggested that such review entails determining whether the sentence is supported by the § 3553(a) factors. Id. at __, 128 S. Ct. at 600. "[T]he party who challenges the sentence bears the burden

2

of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Thomas argues that the district court did not adequately explain the extent to which it relied on each § 3553(a) factor in arriving at a significant upward deviation.[1]  Specifically, Thomas contends that the district court relied exclusively on the first § 3553(a) factor – the history and characteristics of the defendant.  See 18 U.S.C. § 3553(a).  While the district court must provide some explanation for the sentence, "nothing in [United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005)] or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). "[A]cknowledgment by the district court that it [] considered [the defendant's] arguments and the sentencing factors of section 3553 'alone is sufficient in post-Booker sentences . . . .'" United States v. Docampo, No. 08-10698, slip op. 2581,

---

[1]       The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.  See 18 U.S.C. § 3553(a).

3

2590 (11th Cir. June 15, 2009) (quoting United States v. Scott, 426 F.3d 1324, 1330 (11th Cir. 2005)).  However, "[w]here the judge imposes a sentence outside the Guidelines, the judge will explain why he has done so."  Rita v. United States, 551 U.S. 338, 357, 127 S. Ct. 2456, 2468 (2007).  As for variances from the Guidelines range, "a major departure should be supported by a more significant justification than a minor one."  Gall, 552 U.S. at __, 128 S. Ct. at 597.

The district court acknowledged the sentencing factors in 18 U.S.C. § 3553(a) and treated the Guidelines as advisory.  The court concluded that the statutory maximum was appropriate based on Thomas' extensive criminal record, the need to provide adequate deterrence and the need to protect the public.  The court stressed Thomas' history of violence involving firearms.  The defense stated that it had no objections to Thomas' pre-sentence investigation report.  It also made no objections to the district court's findings of fact or sentence calculations.

The district court acknowledged that the advisory Guidelines range was 51 to 63 months.  It recognized the defense's argument that Thomas suffered from a learning disability.  The court ordered Thomas to participate in a GED program to the extent he was capable and requested his participation in a drug treatment program.  The court stated: "My obligation is to sentence the defendant to a sentence which is sufficient, but not more than necessary, to accomplish the

sentencing goals set forth in the statute."  We discern no abuse of discretion.

Accordingly, we affirm Thomas' sentence.

AFFIRMED.[2]

---

[2]     Thomas' request for oral argument is denied.